(7 Misc. Rep. 565.)

## SCHWARZ v. McKENZIE.

(City Court of Brooklyn, General Term.    March 26, 1894.)

EXECUTION—AGAINST LAND OF DECEDENT.

Where land in which a decedent had an interest is sold in partition proceedings, and decedent's share of the proceeds is paid to his executor, a judgment creditor of decedent cannot issue execution against the interest which decedent had in the land, where he made no effort to collect the amount of his judgment from the executor

Appeal from special term.

Application by Moses Schwarz for leave to issue execution on a judgment recovered by him against William McKenzie, deceased, against the interest of said McKenzie in certain land that had been sold in partition. The order was granted, and George G. Musson, the purchaser at the partition sale, appeals. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Edwin Kempton, for appellant.
Herman G. Loew, for respondent.

VAN WYCK, J. Plaintiff recovered on April 12, 1882, a judgment for $135.01 against defendant, who died May 21, 1890, seised of an undivided one-third share in No. 285 Livingston street, leaving the same by will to his sister, to whom letters testamentary were duly granted. A sale of the premises was made July 13, 1892, in pursuance of a judgment in partition; and the appellant, Musson, became the purchaser, relying upon the fact that the judgment had run more than 10 years, and on the report of the referee that the judgment debtor and this owner of the interest were not the same person, which was confirmed by the judgment of partition. The executrix of William McKenzie received from the referee $1,000 for his share of the premises. The respondent (judgment creditor) contends that, not being a party to the partition action, his lien was extended over the 10 years by section 1380 of the Code of Civil Procedure, and that the court had power to grant the order appealed from, giving him leave to issue execution against the share of William McKenzie in the premises, notwithstanding the sale. The appellant (purchaser) insists that he, being a purchaser in good faith, was expressly exempted from such extension of the lien by section 1255, Code Civ. Proc. We do not feel called upon to decide the question of the court's power, for, assuming it to exist, the appellant has shown no necessity for its exercise, nor equities for the same. The executrix, who is liable for the debts of William McKenzie, has received $1,000 for this share, paid by the purchaser; and no effort to collect appellant's claim from the executrix has been shown,—not even a demand therefor. We think the order ought to be reversed, with $10 costs and disbursements.

CLEMENT, C. J., concurs.